IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JAMES K. HEWITT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 314-027 |
| | ) | |
| MARTY ALLEN, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition, challenging two judgments in Laurens County, was originally brought in the Middle District of Georgia. (Doc. no. 4.) United States District Judge Hugh Lawson transferred the petition to this District because it is the policy of the Northern, Middle, and Southern Districts of Georgia to adjudicate § 2254 petitions in the district of conviction. (See generally id.) The petition is currently before the Court on Respondent's motion to dismiss the petition as untimely. (Doc. no. 15.) Even after prompting from the Court, (doc. no. 17), Petitioner failed to respond to Respondent's motion, and it is thus deemed unopposed, see Loc. R. 7.5. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 15), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

On December 6, 2005, Petitioner was indicted by a Laurens County grand jury in two separate indictments for murder, armed robbery, and two counts of possession of a firearm by a convicted felon. (Doc. nos. 16-5, 16-6.) On August 22, 2007, Petitioner plead guilty to armed robbery, voluntary manslaughter as a lesser-included offense of murder, and one count of felon in possession of a firearm in two separate guilty pleas corresponding to each indictment. Id. Petitioner was sentenced to twenty years of confinement for both the armed robbery and voluntary manslaughter charges to run concurrently and five years of probation to run consecutively to the prison sentence for the felon in possession charge. Id. The remaining felon in possession of a firearm count was dismissed through entry of an order of *nolle prosequi*. Id. Petitioner's judgment of conviction for the armed robbery charge was entered on September 6, 2007, and the murder and felon in possession charges were entered on September 5, 2007. (Doc. no. 16-5, p. 5; doc. no. 16-6, p. 4.) Petitioner did not appeal either judgment of conviction. (Doc. no. 16-1, p. 1; doc. no. 8, p. 2.)

On June 1, 2009, Petitioner filed his state habeas corpus petition in Lowndes County challenging the afore mentioned convictions. (Doc. no. 16-1.) Evidentiary hearings were held on October 14, 2010, and April 12, 2012, and the state habeas court denied relief in a final order filed on May 30, 2013. (Doc. no. 16-2.) Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on November 4, 2013. (Doc. no. 16-3.) The Georgia Supreme Court also denied Petitioner's motion for reconsideration. (Doc. no. 16-4.)

On April 14, 2014, Petitioner filed this § 2254 petition, challenging his Laurens County convictions and sentences, contending that his guilty plea was unknowing and involuntary due to

his belief that his state sentence would run concurrently with a federal conviction entered in May of 2007 in the Middle District of Georgia.[1] (See doc. no. 12; United States v. Hewitt, CR 505-066 (S.D. Ga. May 2, 2007).) Respondent has filed a motion to dismiss contending that the § 2254 petition is untimely under 28 U.S.C. § 2244(d).

## II. DISCUSSION

### A. The Instant Petition Should Be Dismissed as Time-Barred.

Pursuant to 28 U.S.C. § 2244, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] As both convictions were in the Laurens County Superior Court, they can be brought in one § 2254 petition. See Rules Governing Section 2254 Proceedings for the United States District Courts 2(e).

3

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal, his September 5, 2007 and September 6, 2007 Laurens County convictions became "final" when the thirty-day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's Laurens County convictions became final in October of 2007. See O.C.G.A. § 1-3-1(d)(3); Stancil v. Kendrix, 378 S.E.2d 417, 418 (Ga. Ct. App. 1989).

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Here, Petitioner's convictions became final in October of 2007, and he did not commence his state habeas proceedings until June 1, 2009. (Doc. no. 16-1.) Therefore, by the time Petitioner filed his state habeas corpus petition in 2009, the one-year statute of limitations for filing a federal petition had expired, meaning that no time period remained to be tolled. Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). Thus, the Court concludes that there is no basis for tolling AEDPA's one-year statute of limitations based on the pendency of Petitioner's state habeas corpus petition.

**B. The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.**

AEDPA describes three other situations which may delay or reset its one-year statute of

limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections. Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011); Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (U.S. 2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000) The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Florida Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (U.S. 2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances prevented him from timely filing his federal petition. Further, Petitioner has not presented any evidence, much less new evidence, to suggest that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

### III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED** (doc. no. 15), this petition be **DISMISSED** as untimely, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 26th day of November, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA